# EXHIBIT A

## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE</u>

This Confidential Settlement Agreement and Release ("Settlement Agreement") is made by Kyle Topps ("Plaintiff" or "Topps"), on behalf of himself and those similarly situated, on the one hand and ECP Optometry Services, LLC and Eyecare Partners, LLC (collectively "ECP" or "Defendants"), subject to approval of the Court (as defined herein). Plaintiff and Defendants are referred to collectively as the "Parties."

## <u>PREAMBLE</u>

Plaintiff, individually and on behalf of himself and other individuals who worked for Defendants in hourly, nonexempt positions during the applicable period, brought an action against Defendants captioned *Kyle Topps, v. ECP Optometry Services, LLC and Eyecare Partners, LLC,* Case No. 4:25-cv-01301-AGF (E.D. Mo.) (the "Lawsuit"), alleging violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*, hereinafter "FLSA").

A total of 511 individuals filed consent forms to join the Lawsuit as opt-in plaintiffs. At the time the parties reached a settlement, a total of 68 individuals' claims were dismissed. As of the signing of this Settlement Agreement, 443 individuals remain opt-in plaintiffs (collectively, the "Opt-In Plaintiffs"). Topps and the Opt-In Plaintiffs shall collectively be referred to as "Plaintiffs." Plaintiffs are persons identified in Exhibit A hereto.

In the Lawsuit, Topps alleged that ECP violated the FLSA by failing to pay Plaintiffs all overtime wages earned.

ECP denies it committed any wrongdoing or violated any state or federal law, including but not limited to those pertaining to the payment of wages or hours of work and has defended the claims asserted in the Lawsuit.

The Parties acknowledge and agree that liability for the actions and/or inactions that are the subject matter of the Lawsuit is disputed by the Parties. The Parties agree that this Settlement Agreement represents a fair and reasonable settlement of the bona fide dispute as to the facts and the law that apply to the Lawsuit and to all related litigation. This Settlement Agreement and the settlement are a compromise and will not be construed as an admission of liability at any time or for any purpose, under any circumstances, by any Party to this Settlement Agreement. The Parties further acknowledge and agree that this Settlement Agreement, the settlement, and any part of the negotiations will not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.

The Parties, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement believe that the settlement as provided in this Settlement Agreement is in each of their own best interests and each specifically and separately agrees that the settlement as provided in this Settlement Agreement is a fair, reasonable, and adequate resolution of the Lawsuit.

The Parties recognize and agree that approval of this Settlement Agreement by the United States District Court for the Eastern District of Missouri is required to effectuate this Settlement

1

Agreement. The Parties further acknowledge that this Settlement Agreement is part of a global resolution of related litigation, *Jodeci Vanorden and Gabriella Gantt, v. ECP Optometry Services, LLC and Eyecare Partners, LLC,* Case No. 2:24-cv-01060-DWL (Dist. of Ariz.) (the "Arizona Litigation"), but expressly agree that approval by the Court in this Action is required for this Settlement Agreement and the settlement in the Arizona Litigation to become effective, subject only to the express conditions set forth herein and set forth in the Arizona Settlement Agreement. The Parties recognize that execution of the Arizona Settlement Agreement is required to effectuate the Settlement Agreement here as well as the approval of the Settlement Agreement by the District Judge in this Lawsuit

The Parties desire and intend to dismiss with prejudice the wage and hour claims Plaintiffs asserted in the Lawsuit.

The Parties desire to compromise, resolve, and settle the claims, allegations, and causes of action asserted or that could have been asserted in the Lawsuit, finally and forever, in order to avoid the uncertainty, time, and expense which would accompany the Lawsuit.

**NOW, THEREFORE,** in consideration of the covenants and mutual promises and Settlement Agreement herein contained, and other valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

## 1.    DEFINITIONS

As used in this Settlement Agreement, the following terms shall have the following meanings:

1.1    "Approval Order" means an order of the Court in the Lawsuit approving the terms and conditions of this Settlement Agreement.

1.2    "Collective Counsel" means Weiler Law, PLLC and Shields Petitti & Zoldan, P.C.

1.3    "Collective Period" means the period commencing May 8, 2021 through the date of the Court's Approval Order.

1.4    "Court" means the United States District Court for the Eastern District of Missouri currently presiding over the lawsuit of *Kyle Topps v. ECP Optometry Services, LLC and Eyecare Partners, LLC*, Case No. 4:25-cv-01301-AGF (E.D. Mo.).

1.5    "Defendants' Counsel" means Littler Mendelson, P.C.

1.6    "Discovery Plaintiff" means those individuals identified in Exhibit B who participated in discovery during the litigation of the Lawsuit. Each Discovery Plaintiff shall receive an enhanced Settlement Award, consisting of a double pro-rata share of the Net Settlement Amount.

1.7    "District Judge" means the United States District Judge presiding over *Kyle Topps v. ECP Optometry Services, LLC and Eyecare Partners, LLC*, Case No. 4:25-cv-01301-AGF, in

2

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

the United States District Court for the Eastern District of Missouri, who is responsible for reviewing and issuing the Approval Order.

1.8     "Effective Date" means the first business day following the entry of the Court's Approval Order.

1.9     "Gross Settlement Amount" means the amount that ECP shall pay in exchange for the release of all Claims Released by the Plaintiffs, which is the sum of ███████████████ ███████████████████████████████████ excluding the employers' share of federal and state payroll taxes. The Gross Settlement Amount is inclusive of attorneys' fees and costs, all payments to the Plaintiffs, service fee to Topps, and administrative costs and fees to be paid to the Settlement Administrator (as defined herein). The payments listed in Section 2 of this Settlement Agreement shall equal the Gross Settlement Amount. The Gross Settlement Amount is non-reversionary. The amount ECP must pay in payroll taxes is separate from the Gross Settlement Amount.

1.10     "Net Settlement Amount" means the Gross Settlement Amount, less attorneys' fees, costs, and administration costs, which are listed in Sections 2.3 and 2.4 of this Settlement Agreement and less the Service Award (defined below) and individual Settlement Award to Kyle Topps. The Net Settlement Amount totals ████████████████████ ████████████████████.

1.11     "Released Claims" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, against Releasees (as defined herein) for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or any other compensation and relief arising under the FLSA and any other state or local wage-related law applicable to the work performed for Defendants during the Collective Period (as defined herein).

1.12     "Releasees" means Defendants and all of their past, present, and future officers, owners, directors, principals, agents, employees, representatives, parents, shareholders, partners, subsidiaries, holding companies, present and former affiliates, including, Clarkson Eyecare, LLC, predecessors, successors, assigns, insurers, staffing companies, joint employers, joint venture parties, insurers, officers, directors, employees, agents, members, shareholders, unitholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities), and related companies, in their individual and corporate capacities, and all persons acting by, through, under, or in concert with Defendants, whether foreign or domestic, as well as any person or entity that was or could have been named as a defendant in the Lawsuit.

1.13     "Settlement Award" means the money that a Plaintiff receives that represents their share of the alleged unpaid compensation and liquidated damages paid pursuant to the terms of this Settlement Agreement. The gross amount of each respective Settlement Award shall be divided equally between two checks, one for wages to be reported on an IRS Form W-2, and one for non-wages to be reported on an IRS Form 1099.

3

1.14    "Settlement Administrator" means Simpluris, a third-party hired to administer the settlement.

1.15    "Settlement Administration Costs" means the costs and fees related to administering this Settlement Agreement to be paid to the Settlement Administrator from the Gross Settlement Amount, estimated to be ███████ for the administration of this settlement. This amount represents 50% of the total administrative costs. The other half of the total administrative costs are allocated to the Arizona Litigation settlement and are estimated to be an additional ███████

## 2.    SETTLEMENT FUND AND CALCULATION

(a)    Within two weeks of funding the settlement, the Settlement Administrator shall issue the Settlement Award Checks to Plaintiffs, which shall be attributable to alleged unpaid compensation and liquidated damages in equal amounts. An IRS Form W-2 shall issue for the fifty (50%) percent portion that is attributable to alleged unpaid compensation, and an IRS Form 1099 shall issue for the fifty (50%) percent portion that is attributable to alleged liquidated damages. The payment amounts will be calculated by the Settlement Administrator based on each week each Plaintiff worked for Defendants, as alleged in the operative Complaint in the Lawsuit, and he or she shall be eligible to receive a pro rata portion of the Net Settlement Amount based on the number of workweeks the Plaintiff worked during the relevant period. Discovery Plaintiffs shall be eligible to receive a double pro rata portion of the Net Settlement Amount based on each week each Discovery Plaintiff worked for Defendants. Each workweek during which work was performed will be equal to one (1) settlement share. Each workweek during which work was performed by a Discovery Plaintiff will be equal to two (2) settlement shares. The total number of settlement shares for all Plaintiffs, including Discovery Plaintiffs, will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Plaintiff's number of settlement shares to determine each Plaintiff's pro rata portion of the Net Settlement Amount. The allocation amounts set forth in Exhibit C are estimates only and are subject to revision by the Settlement Administrator.

(b)    The Settlement Administrator is responsible for distributing the Settlement Award Checks to the Plaintiffs. Collective Counsel shall be solely responsible for retaining the Settlement Administrator and compensating the Settlement Administrator with funds from the Gross Settlement Amount, as set forth in Section 2.3. The Settlement Administrator shall provide counsel for the Parties with a final report of all proposed Settlement Awards, no more than five (5) calendar days following the funding of the settlement.

(c)    Each Settlement Award Check shall be valid for one-hundred and eighty (180) days (the "Check Cashing Deadline").

(d)    Checks issued to Plaintiffs pursuant to this Settlement shall remain negotiable for a period of one hundred and eighty (180) calendar days from the date of mailing, at which point they will become void. In the event that any settlement checks are returned as non-deliverable, the Settlement Administrator will then attempt to obtain updated contact information, and will take all reasonable steps to deliver the settlement checks. The funds from the uncashed

4

checks shall be distributed by the Settlement Administrator to the appropriate State's Unclaimed Property Fund, however it is named. The Settlement Administrator shall provide a declaration of deposit with the appropriate Unclaimed Property Fund, which will be served on Collective Counsel and Defendants' Counsel within ten (10) calendar days of payment of the residual to such beneficiary. Any costs associated with administering the remaining funds under this paragraph (e.g., bank stop-payment charges, settlement administration costs associated with any reserve amount) will be deducted before the deposit into the appropriate state unclaimed property fund. Defendants and Defendants' counsel shall not be liable for lost or stolen settlement checks, for forged signatures on settlement checks, or for unauthorized negotiations of settlement checks.

2.2     Topps shall receive a Service Award of ███████████████ ███████████ for his efforts in bringing and prosecuting the Lawsuit, and in consideration of the general release set forth below in Paragraph 5. The Settlement Administrator shall issue an IRS Form 1099 for this payment.

2.3     Settlement Administration.

The Gross Settlement Amount shall be deposited with the Settlement Administrator within twenty-one calendar days following approval from the Court. Costs for services performed by the Settlement Administrator will be deducted from the Gross Settlement Amount to pay for all costs incurred by the Administrator in administering the Settlement (including costs for retaining the Administrator, mailing of the individual checks to members of the collective action), and calculating taxes. The costs of settlement administration shall be deducted from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the settlement.

2.4     Attorneys Fee & Costs Award.

(a)     Collective Counsel shall receive the Attorney Fee and Costs Award of ███████████████████████ ("Attorneys' Fee and Cost Award"), which will compensate Collective Counsel for all work performed in the Lawsuit as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the settlement, securing the Court's approval of the settlement, making sure that the settlement is fairly administered and implemented, and obtaining final dismissal of the settled claims, with prejudice. Collective Counsel is responsible for proving up the reasonableness and fairness of the amount allocated for the Attorney Fee and Costs Award. Defendants will not oppose Collective Counsel's request for the Attorney Fee and Costs Award.

(b)     The Attorneys' Fees and Costs Award paid by ECP pursuant to this Settlement Agreement shall constitute full satisfaction of ECP's obligations to pay amounts to any person, attorney, or law firm for attorneys' fees and costs in the Lawsuit and shall relieve ECP from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiffs.

(c)     An IRS Form 1099 shall be provided to Collective Counsel for the Attorneys' Fee and Costs Award. Collective Counsel shall be solely and legally responsible to pay

5

any and all applicable taxes.

(d)    The Settlement Administrator shall pay the Court-awarded Attorneys' Fee and Cost Award to Collective Counsel no later than five (5) calendar days following receipt of funding.

## 3.    INDEMNIFICATION

Defendants, Defendants' attorneys, and Collective Counsel make no representations regarding the tax consequences, if any, or liability arising from ECP's payment of any portion of the Gross Settlement Amount to the Plaintiffs and Collective Counsel. Accordingly, the Parties agree that any tax consequences or liability arising from ECP's payment of the Gross Settlement Amount shall be the sole responsibility of the respective Plaintiff, other than ECP's employer's share of taxes. ECP's employer's share of taxes are separate and apart from this Settlement Agreement and not contained within the Gross Settlement Amount. The Parties also agree that should any governmental authority determine that all or any part of the Gross Settlement Amount is taxable to any Plaintiff, each such Plaintiff will be solely responsible for the payment of all taxes. Plaintiffs further agree to indemnify and hold Defendants, Defendants' attorneys, and Collective Counsel harmless if any governmental authority seeks payment from the Defendants for taxes, withholdings, costs, assessments, penalties, damages, fees, fines, or interest because of any nonpayment by any Plaintiff for any taxes owed by him in connection with this Settlement Agreement. Plaintiffs further agree not to seek or make any claim against Defendants, Defendants' attorneys, or Collective Counsel for compensation, damages, costs, interest, fees, assessments, withholdings, penalties, or other losses should a claim or determination be made that all or part of the Settlement Amount is taxable to any Plaintiff failed to pay applicable taxes for any of the amounts in Section 2 of this Settlement Agreement. Plaintiffs also understand and agree that Defendants, Defendants' attorneys, and Collective Counsel have no duty to defend against any claim or assertion that all or part of the Settlement Amount should be treated as taxable income to any Plaintiff, nor any obligation to appeal any determination that all or part of the Settlement Amount should be treated as taxable income to any Plaintiff.

## 4.    AUTHORITY TO BIND PARTIES

The Parties warrant and represent they are expressly authorized by the Court or otherwise by their clients to negotiate this Settlement Agreement, support the fairness and reasonableness of this Settlement Agreement, and will take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement.

## 5.    RELEASE OF CLAIMS

5.1    In exchange for the considerations recited in Section 2 of this Settlement Agreement, each Plaintiff, on behalf of himself/herself and his/her heirs executors, successors, and assigns irrevocably and unconditionally releases, waives, and forever discharges all of the Releasees from any and all claims arising out of the Fair Labor Standards Act or analogous state law claims that were pled or could have been pled based on or arising out of the factual predicates and/or allegations of any Complaints in the Lawsuit, including but not limited to the Operative

6

Complaint, from December 18, 2015 up to and including the Effective Date., All such claims, if any and including any and all claims for attorneys' fees, costs, expenses, and the like, relating to any and all compensation or wage and hour disputes, are hereby compromised, settled, and extinguished in their entirety.

5.2     In addition to the claims released in Section 5.1, and in exchange for the payment set forth in Section 2, Topps shall be deemed to have released and forever discharged Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Genetic Information Nondiscrimination Act of 2008 (GINA); the Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); the Civil Rights Act of 1991; the Immigration Reform and Control Act; the Americans with Disabilities Act of 1990; the Family and Medical Leave Act; the Equal Pay Act; or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Lawsuit, any claim for breach of contract or tort laws, or any claim arising under common  aw, such as, without limitation, claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees based upon any conduct occurring up to and including the date Topps executes this Settlement Agreement. Topps irrevocably waives any right to monetary recovery from the Releasees, whether sought directly by them or in the event any administrative agency or other public authority, individual, or group of individuals should pursue any claim on their behalf. Notwithstanding the previous sentence, this Settlement Agreement does not limit Topps's right to receive an award or payment from a government agency (and not Releasees) for information provided to any government agency.

## 6.     JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSAL OF ACTION

6.1     Pursuant to the Court's order (Dkt #215 in the Lawsuit), on or before August 3, 2026, the Parties shall file a Joint Motion for Approval of Confidential Settlement Agreement and Release.   The Parties shall contemporaneously file a Joint Motion to File Settlement Agreement Under Seal, seeking the Court's permission to file the Settlement Agreement Under Seal.  Collective Counsel is responsible for providing the Court with the information and/or arguments necessary to justify the allocation of the Net Settlement to Plaintiffs as well as the amount attributed to the Service Award to Topps and Attorneys' Fees and Costs as fair and reasonable.

6.2     The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and Collective Counsel submit to the jurisdiction of the Court for this purpose. Within seven (7) calendar days following the settlement payment made by Defendants pursuant to this agreement, Topps will cause the Lawsuit to be

7

dismissed with prejudice by filing with the Court a Stipulation of Dismissal with Prejudice pursuant to Fed. R. Civ. P. 41(a).

6.3      In the event: (a) the Court does not approve the Settlement Agreement as provided herein; or (b) the Settlement Agreement does not become final for any other reason; this Settlement Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Settlement Agreement. If this occurs, the Parties shall make all reasonable and good faith efforts to cure the alleged deficiencies in this Settlement Agreement identified by the Court and resubmit a revised Settlement Agreement to the Court for approval.

## 7.      NO ADMISSION OF LIABILITY

The Parties acknowledge and agree that liability for the actions which are the subject matter of this Settlement Agreement is disputed. The Parties agree that this Settlement Agreement represents a fair and reasonable settlement of this *bona fide* dispute as to the facts and the law that apply to this matter. This Settlement Agreement and the settlement of the Parties are a compromise and shall not be construed as or deemed to be an admission or evidence of liability, an admission or evidence of a willful violation of the FLSA, an admission or evidence of retaliation under the FLSA, or an admission or evidence of any wrongdoing or a violation of any rights, laws, or statutes, at any time or for any purpose, under any circumstances, by the Parties to this Settlement Agreement. The Parties further acknowledge and agree that this Settlement Agreement, the settlement, and any part of the negotiations shall not be (i) used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity, or (ii) offered or received in evidence in any proceeding for any purpose (except to enforce the terms of this Settlement Agreement).

## 8.      COMPLETE SETTLEMENT AGREEMENT

Other than as stated herein, specifically as it relates to the Arizona Litigation, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party to enter into this Settlement Agreement and that they are competent to execute this Settlement Agreement and accept full responsibility therefore. This Settlement Agreement contains and constitutes the entire understanding and Settlement Agreement between the Parties and supersedes all previous oral and written negotiations, oral and written representations, Settlement Agreements, commitments, and writings in connection therewith. This Settlement Agreement may not be amended or modified except by a writing signed by an authorized representative of each of the Parties. Except as set forth expressly herein, each of the Parties specifically disclaims any reliance on any representations, promises, statements, inducements, disclosures, or non-disclosures of any of the other Parties hereto in connection with his or its decision to enter into this Settlement Agreement. Therefore, the Parties understand they are precluded from bringing any fraud or similar claim against the other or any of the Releasees associated with any such representations, promises, statements, inducements, disclosures, or non-disclosures.

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

## 9.    KNOWING AND VOLUNTARY AGREEMENT

Topps agrees that he is entering into this Settlement Agreement knowingly, voluntarily, and with full knowledge of its significance. Topps further affirms that he has not been coerced, threatened, or intimidated into signing this Settlement Agreement and that he is solely relying on his own judgment and the advice of his counsel in deciding to enter this Settlement Agreement. By signing this Agreement, Topps warrants and represents that he is fully authorized to enter this Agreement on behalf of Plaintiffs.

## 10.    CONFIDENTIALITY OF AGREEMENT

10.1    Defendants, Named Plaintiff, and Plaintiffs' Counsel agree that they shall keep the monetary amounts identified within this Settlement Agreement confidential and that they will not disclose, directly or indirectly, such monetary amounts to third persons, except that they may disclose the monetary amounts of this Settlement Agreement to their spouses, legal advisors and accountants who are their financial advisors for the purpose of obtaining professional advice, but as to all such persons the disclosure must be made with the condition that the persons receiving such information maintain the information in strict confidence. Defendants, Named Plaintiff, and Plaintiffs' Counsel specifically agree not to disclose the monetary amounts identified in connection with this settlement or the Settlement Agreement to any present or former employees or contractors of Defendants, its customers, the Releasees, or any related or affiliated entity. Defendants, Named Plaintiff, and Plaintiffs' Counsel agree to make no comment, either generally or specifically, regarding the monetary amounts identified in connection with this settlement other than to say that the Lawsuit has been resolved. Nothing in this Section 10 is intended to preclude the Parties from disclosing the monetary amounts within this Settlement Agreement as necessary to obtain Court approval of this Settlement Agreement if required, to enforce its terms, or in connection with a claim for breach of this Settlement Agreement. Plaintiffs' Counsel further agrees that should any dispute arise between or among any members of Plaintiffs' Counsel based on, arising out of, or relating to any term of this Settlement Agreement (a "Plaintiffs' Counsel Dispute"), Plaintiffs' Counsel shall continue to comply with their confidentiality obligations under this Section 10 and shall ensure that any filings or other disclosures made during or in connection with any arbitration proceeding or any other Plaintiffs' Counsel Dispute that disclose, directly or indirectly, the monetary amounts within this Settlement Agreement are either submitted for in-camera review or under seal, whether or not such filings or disclosures occur in arbitration proceedings initiated by any of Plaintiffs' Counsel or in any other proceedings. Nothing in this Settlement Agreement is intended to or will be used in any way to limit Plaintiffs' rights to make truthful statements or disclosures regarding unlawful employment practices.

## 11.    JOINT PREPARATION

This Settlement Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement shall be construed or interpreted against any Party because such provision, or this Settlement Agreement as a whole, was purportedly prepared or requested by such Party.

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

## 12.    COUNTERPARTS

This Settlement Agreement may be signed in counterparts and the separate signature pages executed by the Parties may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

## 13.    MODIFICATION OF THE AGREEMENT BY THE COURT

The Parties agree that any failure by the Court to approve, or any reduction by the Court of, the amount requested for attorneys' fees, litigation costs, the Service Award, or Settlement Administration Costs shall not constitute a material modification of this Settlement Agreement and shall not provide any basis for voiding, rescinding, terminating, or withdrawing from this Settlement Agreement. In the event the Court awards an amount less than that requested for attorneys' fees, costs, the Service Award, or Settlement Administration Costs, the Settlement Agreement shall remain fully binding and enforceable, and the Gross Settlement Amount shall remain unchanged unless the Parties otherwise agree in writing. Any amount not awarded by the Court shall remain part of the Gross Settlement Amount and shall be distributed in a manner consistent with the Court's order and the terms of this Settlement Agreement.

## 14.    INTERPRETATION OF AGREEMENT AND CONTINUING JURISDICTION

The Settlement Agreement shall be interpreted and enforced under the laws of the State of Missouri without regard to its conflict of law provisions. Any claim arising out of or relating to the Settlement Agreement, or the subject matter hereof, shall be resolved solely and exclusively in the Court where the Lawsuit is pending, the United States District Court for the Eastern District of Missouri. The Parties hereby consent to the continuing personal jurisdiction of the United States District Court for the Eastern District of Missouri in connection therewith.

## 15.    PRESERVATION OF RIGHTS

Nothing in this Settlement Agreement shall limit or abridge Defendants' right to exercise any and all of its lawful rights, whether in contract or otherwise and all such rights are explicitly preserved.

## 16.    WAIVER

A Party's waiver of any breach or violation of any provision of this Settlement Agreement shall not operate as, or be construed to be, a waiver of any later breach of the same or other Settlement Agreement provision.

## 17.    AUTHORIZATION TO ENTER INTO SETTLEMENT AGREEMENT

Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to affect the implementation

10

of the Settlement Agreement.  Collective Counsel warrants and represents they are expressly authorized to enter into this Agreement on behalf of Plaintiffs, binding each Plaintiff Collective Counsel represents to the terms of this Agreement.

## 18.    RELEASE BINDING

This Settlement Agreement shall be binding on the Parties and their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of their heirs, administrators, representatives, executors, successors, and assigns.

## 19.    DISCLAIMER

Nothing in this Release, including but not limited to the acknowledgements, release of claims, the promise not to sue, the confidentiality, non-disparagement, and the return of property provisions (a) limits or affects any Plaintiff's right to disclose or discuss sexual harassment or sexual assault disputes; (b) limits or affects any Plaintiff's right to challenge the validity of this Release under the ADEA or the OWBPA; (c) prevents any Plaintiff from communicating with, filing a charge or complaint with, providing documents or information voluntarily or in response to a subpoena or other information request to, or from participating in an investigation or proceeding conducted by, the Equal Employment Opportunity Commission, the Texas Workforce Commission, National Labor Relations Board, the Securities and Exchange Commission, law enforcement, or any other any federal, state or local agency charged with the enforcement of any laws; or from testifying, providing evidence, or responding to a subpoena or discovery request in court litigation or arbitration; (d) is intended to interfere with any Plaintiff's right to report possible violations of federal, state, or local law or regulation to any governmental or law enforcement agency or entity, or to make other disclosures that are protected under federal or state law or regulation; or (e) prevents a non-management, non-supervisory employees from engaging in protected concerted activity under §7 of the NLRA or similar state law such as joining, assisting, or forming a union, bargaining, picketing, striking, or participating in other activity for mutual aid or protection, or refusing to do so; this includes using or disclosing information acquired through lawful means regarding wages, hours, benefits, or other terms and conditions of employment, except where the information was entrusted to the employee in confidence by the Company as part of the employee's job duties. However, by signing this Release, Plaintiffs are waiving their rights to recover any individual relief (including, but not limited to, any backpay, front pay, reinstatement, damages, attorneys' fees, or other legal or equitable relief) from Defendants and/or any of the Releasees based on Plaintiffs' release of claims in this Settlement Agreement in any charge, complaint, or lawsuit or other proceeding brought by Topps or on Topps' or the Opt-in Plaintiffs' behalf by any third party, except for any right Dollery may have to receive a payment or award from a government agency (and not the Company) for information provided to the government agency or where otherwise prohibited. Topps agrees that, except as provided in this agreement, by executing this Settlement Agreement, Topps waives the right to personally recover against ECP and/or any of the Releasees for any of the claims herein released in any proceeding before any federal, state, or local governmental agency or in any proceeding brought by any governmental agency on Plaintiffs' behalf.

11

## 20.     SEVERABILITY

The Parties agree that should any part of this Settlement Agreement except the release of claims be found to be void or unenforceable by a court of competent jurisdiction, that determination will not affect the remainder of this Settlement Agreement.

**PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER OF CLAIMS INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

*[**Signatures of the following pages**]*

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

**NAMED**
**PLAINTIFF:**                    *Kyle Topps*                    Date: 08 / 04 / 2026

**COLLECTIVE**
**COUNSEL:**                    *Michael Zoldan*                    Date: 8/6/2026
                    On behalf of Collective Counsel

**DEFENDANT:**                    *Christopher Feldmeir*                    Date: 7/31/2026
                    ECP Optometry, LLC

                    By: Christopher Feldmeir                    Title: Chief Legal Officer

**DEFENDANT:**                    *Christopher Feldmeir*                    Date: 7/31/2026
                    Eyecare Partners, LLC

                    By: Christopher Feldmeir                    Title: Chief Legal Officer

13

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

**EXHIBIT A: Opt-in Plaintiff List**

| First Name | Last Name |
|---|---|
| Stephanie | Adams |
| Jessica | Adkins |
| Kimberly | Aguilar |
| Keiano | Aiken |
| Rachael | Akers-Massey |
| Stephanie | Akridge |
| Jennifer | Aleman |
| Christina | Anders |
| Tiara | Anderson |
| Martaysha | Anderson |
| Kayla | Anderson |
| Kristin | Andia |
| TaMonica | Ankrom |
| Sandreaka | Ash |
| CaNiesha | Bacote |
| Breonna | Bailey |
| Rachel | Banks |
| Sheena | Banner |
| Sara | Barbee |
| Tammy | Barbour |
| Jessica | Barker |
| Crystal | Barnes |
| Amber | Bates |
| Kelsey | Bauer |
| Heather | Beal |
| Rebecca | Bell |
| J'Naya | Benitoe |
| Chelsea | Benjamin |
| Marc | Berbaum |
| Charli | Berdeaux |
| Savannah | Berrett |
| Sapana | Bhakta |
| Terricka | Bias |
| Brittany | Blackburn |
| Elizabeth | Bollmann |
| Jelisa | Boston |
| Malcolm | Botts |
| Lydia | Bowers |

14

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name |
|---|---|
| April | Boyd |
| Stephanie | Boyer |
| Taylor | Boyle |
| Kiara | Brasfield |
| Robyn | Brassell |
| Nora | Breedlove |
| Jacqueline | Brinkley |
| Angela | Brown |
| Germeka | Brown |
| Amra | Brown |
| Elisha | Brown |
| Falechia | Brown |
| Amber | Brunk |
| Brandon | Buchanan |
| Megan | Buckentin |
| Amber | Bundren |
| Jessica | Burgos-Perez |
| Kelsey | Burke |
| Deborah | Burkemper |
| Erin | Burnau |
| Nedra | Burns |
| Tchernavia | Burrell |
| Kurston | Buser |
| Stacy | Cadot |
| Brittany | Cain |
| Ronette | Caldwell |
| Dajia | Campbell |
| Lauren | Cannon |
| Michelle | Capps |
| Paul | Cardenas |
| Amy | Carey |
| Crystal | Carter Whitfield |
| April | Castillo |
| Jessica | Caulley-Shatsby |
| Isaiah | Chavies |
| Shane | Chenault |
| LaDonna | Childress |
| Ruth | Clark |
| Keyunia | Cleveland |
| Tierra | Cochraham |

15

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name |
|---|---|
| Kara | Cole |
| Lori | Collet |
| Bradley | Collins |
| LeKenya | Compton |
| Kaitlynn | Cone |
| Bryann | Conklin |
| Sophia | Conway |
| Kaitlin | Cook |
| Nicole | Coppolino |
| Brandolyn | Cotton |
| Desiree | Counts |
| Rasheeda | Covington |
| Tracy | Cox |
| Carolyn | Crane |
| Roberto | Cruz-Lengal |
| Antonia | Culbreath-Preston |
| Daronda | Cunningham |
| Shanna | Currier |
| Tabitha | Dalley |
| Angel | Darschewski |
| Larisa | Davenport |
| Susan | Davis |
| Aleesha | Davis |
| Anthony | DeAnda |
| Dorothy | Delgado |
| Erica | Dennis |
| Madison | Derryberry |
| Dustin | Diehl |
| Valerie | DiMaggio |
| Allicia | Dollison |
| Ryan | Doppelt |
| Renesha | Dotson |
| Hanna | Douglas |
| Gauri | Dronamraju |
| Carolyn | Durham |
| Connie | Edge |
| Jacquelyn | Edwards |
| Jasmine | Edwards |
| Morgan | Ellberg |
| Jasmin | Ellington |

16

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

Docusign Envelope ID: 33E02B90-B7E9-8C69-8002-6B5C83A6A8DC

| First Name | Last Name |
|---|---|
| Mya | Ervin |
| Patrick | Ervin |
| Tapreeshah | Ethridge |
| Kenniah | Evans |
| Ashley | Faber |
| Jacob | Farino |
| Kayetlyn | Fenske |
| Sarah | Fetters |
| Lisa | Fischer |
| Patricia | Flick |
| Megan | Flynn |
| Trenton | Foust |
| Dyona | Fowler |
| Catherine | Foxx |
| Ashley | Foy |
| Sharonda | Franklin |
| Sheldon | Frizzell |
| Somer | Fulghum |
| LaQueena | Fulkerson |
| Jordan | Fultz |
| Tammy | Gentry |
| Alexus | Gibbs |
| Jennafer | Gilliam-Williams |
| Chloe | Godwin |
| Shelby | Goodson |
| Sonya | Grantham |
| Taryn | Grasser (Fleming) |
| Natisha | Gray |
| Allison | Green |
| Jessica | Green |
| Tristen | Greene |
| Jasmine | Gregory |
| Yolanda | Gregory |
| Alissa | Guarascio |
| Patrice | Gunn |
| Elnora | Gunter |
| Illiana | Guzman |
| Semhar | Habte |
| Lakiesha | Hale |
| Dana | Hall |

17

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

Docusign Envelope ID: 33E02B90-B7E9-8C69-8002-6B5C83A6A8DC

| First Name | Last Name |
| --- | --- |
| Doris | Hand |
| Abbigail | Harris |
| Alysha | Harris |
| Nancy | Harris |
| Corey | Harris |
| Shakira | Harris |
| Logan | Hatley |
| Matthew | Haywood |
| Sarah | Helbling |
| Ashley | Hemraj |
| Kyna | Henry |
| Tera | Hicks |
| Nanette | Hill |
| Erma | Hillman |
| Devon | Hodge-Dittmaier |
| Lauren | Hoffman |
| Michelle | Holdcroft |
| Nicole | Holmer |
| Destiny | Holmes |
| Madison | Holt |
| Kendall | Honeycutt |
| Jennifer | Hopkins |
| Sydney | Hopper |
| Lisa | Houk |
| Jessica | Hubbard |
| Wayne | Hughes Jr |
| Elizabeth | Izquierdo |
| Shykeyla | Jackson |
| Lindsay | Jackson |
| Heather | Jagoda |
| Konisha | James |
| Haley | James |
| Anjelica | Jasso |
| Celina | Jimenez |
| Zedric | Johnson |
| Carly | Jolin |
| Cori | Jones |
| Latia | Jones |
| Kaitlynn | Jones |
| Carita | Jones |

18

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

Docusign Envelope ID: 33E02B90-B7E9-8C69-8002-6B5C83A6A8DC

| First Name | Last Name |
|---|---|
| Whitney | Jones |
| Ashia | Jones |
| Kaya | Joyner |
| Isaac | Kawonise |
| Kayla | Kehr |
| Brittany | Kendricks |
| Shannon | Kent (Vance) |
| Cassandra | Kerley |
| Merissa | Kessinger |
| Autumn | Kessler |
| LaMesha | King |
| Anna | Kirima |
| Dana | Kirschman |
| Mitchell | Knutson |
| Devon | Krimmel |
| Pearl | Lafaye Bowman |
| Anthony | Lammkin |
| Cynthia | LaPlant |
| Diamond | Lark |
| Montel | Larkin |
| Ashley | Laster |
| Cathryn | Lavori |
| Raymeshia | Laymon |
| Heather | Layton |
| Kiara | Ledbetter |
| Brandis | Lee |
| Pamela | Lego |
| Krystal | LeJeune |
| Jennifer | LeMaire |
| Tara | Levchik (Landis) |
| Sarah | Lewis |
| Shelia | Little |
| Natasha | Lockridge |
| Natalie | Lockwood |
| Leslie | Loma |
| Kenyon | Long Smith |
| Christina | Lumpkins |
| Carrie | Mabe |
| Summer | Mace |
| Roberto | Maldonado- |

19

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name |
| --- | --- |
|  | Rivera |
| Issac | Mann |
| Arissa | Marlow |
| Katherine | Martell-Bowen |
| Citoryia | Martin |
| Hayden | Maxwell |
| Kay | May |
| Lauren | Mayo |
| Joshua | Mays |
| Gaston | Mbanwei |
| Paige | McBroom |
| Alliya | McCain (McCarty) |
| Tarra | McComb |
| Seth | McConnell |
| Charles | McCoy |
| Creshia | McCulloh |
| Angela | McDaniels |
| Gloria | McDonald |
| Molly | McDonnell |
| Lakendrick | McElroy |
| Xavier | McKenney |
| Jennifer | McKinney |
| Robin | McLean |
| Taylor | McMinn |
| Nancy | McQuaide |
| Jessica | Meadows |
| TyNisha | Medlin |
| Torianne | Millender (Smith) |
| Ahsha | Millner |
| Timothy | Miracle |
| Yaa | Mjumbe |
| Amaka | Molokwu |
| Rachel | Monsey |
| Ashley | Moo Yin |
| Dawn | Mooney |
| Emily | Moore |
| Cordajia | Moore |
| Gaterina | Moore |
| Destanie | Moore (Smith) |

20

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name |
|---|---|
| Thereasa | Moran |
| Brooke | Morgan |
| Rachel | Morgan Leuenberger |
| Taavia | Morris |
| Alexis | Natal |
| Ashleigh | Neal |
| Christina | Nelson |
| Parys | Newman |
| Keith | North |
| Mae | Oakes |
| Amanda | O'Dell |
| Andrew | Ortiz |
| Shabris | Overstreet |
| Aijah | Paige |
| Nathan | Palausky |
| Colby | Parker |
| Bethany | Parks (Sepe) |
| Emma | Patterson |
| Robin | Patterson Kline |
| Iantha | Pederson-Taylor |
| Tywona | Peoples |
| Anonde | Perry |
| Ellen | Pidoto |
| Holly | Pikora |
| Sierra | Poland |
| Destiny | Pope |
| Brittany | Pritt |
| Jacquese | Reese |
| Monique | Reeves |
| Briana | Reeves (Burt) |
| Amy | Reilly |
| Marlee | Reiniche |
| Donna | Reno |
| Lydia | Rhodus |
| Annette | Roberts |
| Jeanette | Roberts |
| Betty | Robinson |
| Michele | Roesch |
| Jesinia | Rogers |

21

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name |
|---|---|
| Analisa | Roman |
| Kennedy | Ryan |
| Arvin | Safaeian |
| Michelle | Salmons |
| Belen | Sanchez |
| Jakaya | Sanders |
| Terri | Scarborough |
| Carleigh | Schaefer |
| Jill | Schleiffer |
| Jenette | Scott |
| Terrie | Scott |
| Britini | Scroggins |
| Amanda | Sebastian |
| Michelle | Serrano |
| Christopher | Sessoms |
| Richard | Shadwick |
| Cassandra | Shafer |
| Jobie | Shearer (Jones) |
| Brittiney | Shears |
| Megan | Shelton |
| Cindy | Sherman |
| Tangela | Shingles |
| Lauren | Shoemaker |
| Chrissy | Simmons |
| Teri | Simmons |
| Jasmine | Sims |
| Ashley | Singer-Falkner |
| Janie | Smith |
| Tanya | Smith |
| Aja | Smith |
| China | Snow |
| Diaz'Jona | Spraggins |
| Shekeyla | Springs |
| Whitney | Standifer |
| Jonathan | Stanford |
| Briana | Steger |
| Rachel | Stephens |
| Cheyenne | Stephenson |
| Misti | Stevens |
| Tiara | Stewart |

22

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name |
|---|---|
| Savanah | Stickler |
| Jessica | Stokes |
| Angela | Stopp |
| Anna | Storey |
| Michael | Suarez |
| Amina | Suljagic |
| Katheryn | Sullivan |
| Maran | Summey |
| Courtney | Taylor |
| Brody | Taylor |
| Jennifer | Templeton |
| Anastasios | Theodosiou |
| Jason | Thomas |
| Airel | Thompson |
| Dixie | Thoms |
| Courtney | Thornton |
| Temesha | Toliver |
| Kyle | Topps |
| Samantha | Torres |
| Meiling | Torres |
| Kendrijana | Townsend |
| Tracey | Townsend (Ruhle) |
| Jalynn | Trotter |
| Richard | Ulrich |
| Szilvia | Ungor |
| Trisha | Unwin |
| Ashley | Urrutia |
| Mellaca | Valentine |
| Daniel | Vanderpool |
| Sharon | Vardalis |
| Melinda | Vaughters |
| Aracely | Velazquez |
| Summer | Vigil |
| Keiry | Villatoro |
| Dawn | Vinson |
| Suzanne | Vizzi |
| Laura | Waddell |
| Riona | Wade |
| Denise | Wade |
| Rachel | Wagoner |

23

Docusign Envelope ID: 33E02B90-B7E9-8C69-8002-6B5C83A6A8DC

| First Name | Last Name |
| --- | --- |
| NseMeredith | Walker |
| Megan | Wallace |
| Cheyenne | Wallace |
| Kara | Wallace |
| Kathleen | Walsh |
| Naomi | Walters |
| Suzanne | Warchol-Reardon |
| Kristy | Ward |
| Sidney | Washington |
| Quneshia | Washington |
| Amber | Wasiuta |
| Stacy | Waters |
| Amanda | Watson |
| Victoria | Webster |
| Derricka | Weeks (Davis) |
| Marissa | Wheeler |
| Briann | Whelchel |
| Athaliah | White |
| Erione | White |
| Makeba | Whorton |
| Brenden | Wicks |
| Kora | Wiener |
| Angelia | Wiggins |
| Jasmine | Wilkins |
| Brandi | Williams |
| Jada | Williams |
| Britney | Williams |
| Brandon | Williams |
| Joyce | Williamson |
| Renita | Willis |
| Emily | Willoughby Watson |
| Nathan | Wilson |
| Shayna | Wilson |
| Brittney | Wingerter |
| Keisha | Wisley |
| Damielle | Womack |
| Logaan | Woods (Clayton) |
| Olivia | Wooten Ward |
| Aaron | Wray |

24

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

Docusign Envelope ID: 33F02B90-B7F9-8C69-8002-6B5C83A6A8DC

| First Name | Last Name |
|---|---|
| Lamiesha | Wright |
| Fadhilah | Zein |
| Alanah | Zirkle |
| Ashley | Zurweller |
| Crystal | Crocker |
| Ashley | Halbeisen |
| Shelby | Bartley |
| Carmel | Parker |
| Laure | Capre |

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

## EXHIBIT B: DISCOVERY PLAINTIFF LIST

| First Name | Last Name |
|---|---|
| Rachael | Akers-Massey |
| Jennifer | Aleman |
| Kristin | Andia |
| Amber | Bates |
| Brittany | Blackburn |
| Jelisa | Boston |
| Taylor | Boyle |
| Amra | Brown |
| Kelsey | Burke |
| Kurston | Buser |
| Brittany | Cain |
| Paul | Cardenas |
| Crystal | Carter Whitfield |
| Jessica | Caulley-Shatsby |
| Bradley | Collins |
| Kaitlynn | Cone |
| Brandolyn | Cotton |
| Larisa | Davenport |
| Anthony | DeAnda |
| Valerie | DiMaggio |
| Renesha | Dotson |
| Morgan | Ellberg |
| Trenton | Foust |
| Catherine | Foxx |
| Sharonda | Franklin |
| Yolanda | Gregory |
| Lakiesha | Hale |
| Lauren | Hoffman |
| Destiny | Holmes |
| Ashia | Jones |
| Kaya | Joyner |
| Anna | Kirima |
| Ashley | Laster |
| Raymeshia | Laymon |
| Summer | Mace |
| Joshua | Mays |
| Paige | McBroom |
| Timothy | Miracle |
| Thereasa | Moran |

26

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

Docusign Envelope ID: 33E02B90-B7F9-8C69-8002-6B5C89A6A8DC

| First Name | Last Name |
|---|---|
| Alexis | Natal |
| Christina | Nelson |
| Robin | Patterson Kline |
| Ellen | Pidoto |
| Jakaya | Sanders |
| Tangela | Shingles |
| Whitney | Standifer |
| Cheyenne | Stephenson |
| Tiara | Stewart |
| Courtney | Taylor |
| Anastasios | Theodosiou |
| Airel | Thompson |
| Kyle | Topps |
| Tracey | Townsend (Ruhle) |
| Szilvia | Ungor |
| Aracely | Velazquez |
| Rachel | Wagoner |
| Megan | Wallace |
| Cheyenne | Wallace |
| Kristy | Ward |
| Athaliah | White |
| Keisha | Wisley |
| Lamiesha | Wright |

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

**EXHIBIT C: ALLOCATIONS**

| First Name | Last Name | Estimated Payment |
|------------|-----------|-------------------|
| Stephanie | Adams | |
| Jessica | Adkins | |
| Kimberly | Aguilar | |
| Keiano | Aiken | |
| Rachael | Akers-Massey | |
| Stephanie | Akridge | |
| Jennifer | Aleman | |
| Christina | Anders | |
| Tiara | Anderson | |
| Martaysha | Anderson | |
| Kayla | Anderson | |
| Kristin | Andia | |
| TaMonica | Ankrom | |
| Sandreaka | Ash | |
| CaNiesha | Bacote | |
| Breonna | Bailey | |
| Rachel | Banks | |
| Sheena | Banner | |
| Sara | Barbee | |
| Tammy | Barbour | |
| Jessica | Barker | |
| Crystal | Barnes | |
| Amber | Bates | |
| Kelsey | Bauer | |
| Heather | Beal | |
| Rebecca | Bell | |
| J'Naya | Benitoe | |
| Chelsea | Benjamin | |
| Marc | Berbaum | |
| Charli | Berdeaux | |
| Savannah | Berrett | |
| Sapana | Bhakta | |
| Terricka | Bias | |
| Brittany | Blackburn | |
| Elizabeth | Bollmann | |
| Jelisa | Boston | |
| Malcolm | Botts | |
| Lydia | Bowers | |
| April | Boyd | |

28

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Stephanie | Boyer | |
| Taylor | Boyle | |
| Kiara | Brasfield | |
| Robyn | Brassell | |
| Nora | Breedlove | |
| Jacqueline | Brinkley | |
| Angela | Brown | |
| Germeka | Brown | |
| Amra | Brown | |
| Elisha | Brown | |
| Falechia | Brown | |
| Amber | Brunk | |
| Brandon | Buchanan | |
| Megan | Buckentin | |
| Amber | Bundren | |
| Jessica | Burgos-Perez | |
| Kelsey | Burke | |
| Deborah | Burkemper | |
| Erin | Burnau | |
| Nedra | Burns | |
| Tchernavia | Burrell | |
| Kurston | Buser | |
| Stacy | Cadot | |
| Brittany | Cain | |
| Ronette | Caldwell | |
| Dajia | Campbell | |
| Lauren | Cannon | |
| Michelle | Capps | |
| Paul | Cardenas | |
| Amy | Carey | |
| Crystal | Carter Whitfield | |
| April | Castillo | |
| Jessica | Caulley-Shatsby | |
| Isaiah | Chavies | |
| Shane | Chenault | |
| LaDonna | Childress | |
| Ruth | Clark | |
| Keyunia | Cleveland | |
| Tierra | Cochraham | |
| Kara | Cole | |

29

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Lori | Collet | |
| Bradley | Collins | |
| LeKenya | Compton | |
| Kaitlynn | Cone | |
| Bryann | Conklin | |
| Sophia | Conway | |
| Kaitlin | Cook | |
| Nicole | Coppolino | |
| Brandolyn | Cotton | |
| Desiree | Counts | |
| Rasheeda | Covington | |
| Tracy | Cox | |
| Carolyn | Crane | |
| Roberto | Cruz-Lengal | |
| Antonia | Culbreath-Preston | |
| Daronda | Cunningham | |
| Shanna | Currier | |
| Tabitha | Dalley | |
| Angel | Darschewski | |
| Larisa | Davenport | |
| Susan | Davis | |
| Aleesha | Davis | |
| Anthony | DeAnda | |
| Dorothy | Delgado | |
| Erica | Dennis | |
| Madison | Derryberry | |
| Dustin | Diehl | |
| Valerie | DiMaggio | |
| Allicia | Dollison | |
| Ryan | Doppelt | |
| Renesha | Dotson | |
| Hanna | Douglas | |
| Gauri | Dronamraju | |
| Carolyn | Durham | |
| Connie | Edge | |
| Jacquelyn | Edwards | |
| Jasmine | Edwards | |
| Morgan | Ellberg | |
| Jasmin | Ellington | |
| Mya | Ervin | |

30

Docusign Envelope ID: 33E02B90-B7E9-8C69-8002-6B5C83A6A8DC

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Patrick | Ervin | |
| Tapreeshah | Ethridge | |
| Kenniah | Evans | |
| Ashley | Faber | |
| Jacob | Farino | |
| Kayetlyn | Fenske | |
| Sarah | Fetters | |
| Lisa | Fischer | |
| Patricia | Flick | |
| Megan | Flynn | |
| Trenton | Foust | |
| Dyona | Fowler | |
| Catherine | Foxx | |
| Ashley | Foy | |
| Sharonda | Franklin | |
| Sheldon | Frizzell | |
| Somer | Fulghum | |
| LaQueena | Fulkerson | |
| Jordan | Fultz | |
| Tammy | Gentry | |
| Alexus | Gibbs | |
| Jennafer | Gilliam-Williams | |
| Chloe | Godwin | |
| Shelby | Goodson | |
| Sonya | Grantham | |
| Taryn | Grasser (Fleming) | |
| Natisha | Gray | |
| Allison | Green | |
| Jessica | Green | |
| Tristen | Greene | |
| Jasmine | Gregory | |
| Yolanda | Gregory | |
| Alissa | Guarascio | |
| Patrice | Gunn | |
| Elnora | Gunter | |
| Illiana | Guzman | |
| Semhar | Habte | |
| Lakiesha | Hale | |
| Dana | Hall | |
| Doris | Hand | |

31

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Abbigail | Harris | |
| Alysha | Harris | |
| Nancy | Harris | |
| Corey | Harris | |
| Shakira | Harris | |
| Logan | Hatley | |
| Matthew | Haywood | |
| Sarah | Helbling | |
| Ashley | Hemraj | |
| Kyna | Henry | |
| Tera | Hicks | |
| Nanette | Hill | |
| Erma | Hillman | |
| Devon | Hodge-Dittmaier | |
| Lauren | Hoffman | |
| Michelle | Holdcroft | |
| Nicole | Holmer | |
| Destiny | Holmes | |
| Madison | Holt | |
| Kendall | Honeycutt | |
| Jennifer | Hopkins | |
| Sydney | Hopper | |
| Lisa | Houk | |
| Jessica | Hubbard | |
| Wayne | Hughes Jr | |
| Elizabeth | Izquierdo | |
| Shykeyla | Jackson | |
| Lindsay | Jackson | |
| Heather | Jagoda | |
| Konisha | James | |
| Haley | James | |
| Anjelica | Jasso | |
| Celina | Jimenez | |
| Zedric | Johnson | |
| Carly | Jolin | |
| Cori | Jones | |
| Latia | Jones | |
| Kaitlynn | Jones | |
| Carita | Jones | |
| Whitney | Jones | |

32

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

Docusign Envelope ID: 33E02B90-B7E9-8C69-8002-6B5C83A6A8DC

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Ashia | Jones | |
| Kaya | Joyner | |
| Isaac | Kawonise | |
| Kayla | Kehr | |
| Brittany | Kendricks | |
| Shannon | Kent (Vance) | |
| Cassandra | Kerley | |
| Merissa | Kessinger | |
| Autumn | Kessler | |
| LaMesha | King | |
| Anna | Kirima | |
| Dana | Kirschman | |
| Mitchell | Knutson | |
| Devon | Krimmel | |
| Pearl | Lafaye Bowman | |
| Anthony | Lammkin | |
| Cynthia | LaPlant | |
| Diamond | Lark | |
| Montel | Larkin | |
| Ashley | Laster | |
| Cathryn | Lavori | |
| Raymeshia | Laymon | |
| Heather | Layton | |
| Kiara | Ledbetter | |
| Brandis | Lee | |
| Pamela | Lego | |
| Krystal | LeJeune | |
| Jennifer | LeMaire | |
| Tara | Levchik (Landis) | |
| Sarah | Lewis | |
| Shelia | Little | |
| Natasha | Lockridge | |
| Natalie | Lockwood | |
| Leslie | Loma | |
| Kenyon | Long Smith | |
| Christina | Lumpkins | |
| Carrie | Mabe | |
| Summer | Mace | |
| Roberto | Maldonado-Rivera | |
| Issac | Mann | |

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Arissa | Marlow | |
| Katherine | Martell-Bowen | |
| Citoryia | Martin | |
| Hayden | Maxwell | |
| Kay | May | |
| Lauren | Mayo | |
| Joshua | Mays | |
| Gaston | Mbanwei | |
| Paige | McBroom | |
| Alliya | McCain (McCarty) | |
| Tarra | McComb | |
| Seth | McConnell | |
| Charles | McCoy | |
| Creshia | McCulloh | |
| Angela | McDaniels | |
| Gloria | McDonald | |
| Molly | McDonnell | |
| Lakendrick | McElroy | |
| Xavier | McKenney | |
| Jennifer | McKinney | |
| Robin | McLean | |
| Taylor | McMinn | |
| Nancy | McQuaide | |
| Jessica | Meadows | |
| TyNisha | Medlin | |
| Torianne | Millender (Smith) | |
| Ahsha | Millner | |
| Timothy | Miracle | |
| Yaa | Mjumbe | |
| Amaka | Molokwu | |
| Rachel | Monsey | |
| Ashley | Moo Yin | |
| Dawn | Mooney | |
| Emily | Moore | |
| Cordajia | Moore | |
| Gaterina | Moore | |
| Destanie | Moore (Smith) | |
| Thereasa | Moran | |
| Brooke | Morgan | |
| Rachel | Morgan Leuenberger | |

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Taavia | Morris | |
| Alexis | Natal | |
| Ashleigh | Neal | |
| Christina | Nelson | |
| Parys | Newman | |
| Keith | North | |
| Mae | Oakes | |
| Amanda | O'Dell | |
| Andrew | Ortiz | |
| Shabris | Overstreet | |
| Aijah | Paige | |
| Nathan | Palausky | |
| Colby | Parker | |
| Bethany | Parks (Sepe) | |
| Emma | Patterson | |
| Robin | Patterson Kline | |
| Iantha | Pederson-Taylor | |
| Tywona | Peoples | |
| Anonde | Perry | |
| Ellen | Pidoto | |
| Holly | Pikora | |
| Sierra | Poland | |
| Destiny | Pope | |
| Brittany | Pritt | |
| Jacquese | Reese | |
| Monique | Reeves | |
| Briana | Reeves (Burt) | |
| Amy | Reilly | |
| Marlee | Reiniche | |
| Donna | Reno | |
| Lydia | Rhodus | |
| Annette | Roberts | |
| Jeanette | Roberts | |
| Betty | Robinson | |
| Michele | Roesch | |
| Jesinia | Rogers | |
| Analisa | Roman | |
| Kennedy | Ryan | |
| Arvin | Safaeian | |
| Michelle | Salmons | |

35

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Belen | Sanchez | |
| Jakaya | Sanders | |
| Terri | Scarborough | |
| Carleigh | Schaefer | |
| Jill | Schleiffer | |
| Jenette | Scott | |
| Terrie | Scott | |
| Britini | Scroggins | |
| Amanda | Sebastian | |
| Michelle | Serrano | |
| Christopher | Sessoms | |
| Richard | Shadwick | |
| Cassandra | Shafer | |
| Jobie | Shearer (Jones) | |
| Brittiney | Shears | |
| Megan | Shelton | |
| Cindy | Sherman | |
| Tangela | Shingles | |
| Lauren | Shoemaker | |
| Chrissy | Simmons | |
| Teri | Simmons | |
| Jasmine | Sims | |
| Ashley | Singer-Falkner | |
| Janie | Smith | |
| Tanya | Smith | |
| Aja | Smith | |
| China | Snow | |
| Diaz'Jona | Spraggins | |
| Shekeyla | Springs | |
| Whitney | Standifer | |
| Jonathan | Stanford | |
| Briana | Steger | |
| Rachel | Stephens | |
| Cheyenne | Stephenson | |
| Misti | Stevens | |
| Tiara | Stewart | |
| Savanah | Stickler | |
| Jessica | Stokes | |
| Angela | Stopp | |
| Anna | Storey | |

36

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Michael | Suarez | |
| Amina | Suljagic | |
| Katheryn | Sullivan | |
| Maran | Summey | |
| Courtney | Taylor | |
| Brody | Taylor | |
| Jennifer | Templeton | |
| Anastasios | Theodosiou | |
| Jason | Thomas | |
| Airel | Thompson | |
| Dixie | Thoms | |
| Courtney | Thornton | |
| Temesha | Toliver | |
| Kyle | Topps | |
| Samantha | Torres | |
| Meiling | Torres | |
| Kendrijana | Townsend | |
| Tracey | Townsend (Ruhle) | |
| Jalynn | Trotter | |
| Richard | Ulrich | |
| Szilvia | Ungor | |
| Trisha | Unwin | |
| Ashley | Urrutia | |
| Mellaca | Valentine | |
| Daniel | Vanderpool | |
| Sharon | Vardalis | |
| Melinda | Vaughters | |
| Aracely | Velazquez | |
| Summer | Vigil | |
| Keiry | Villatoro | |
| Dawn | Vinson | |
| Suzanne | Vizzi | |
| Laura | Waddell | |
| Riona | Wade | |
| Denise | Wade | |
| Rachel | Wagoner | |
| NseMeredith | Walker | |
| Megan | Wallace | |
| Cheyenne | Wallace | |
| Kara | Wallace | |

37

Docusign Envelope ID: 33F02B90-B7E9-8C69-8002-6B5C83A6A8DC

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Kathleen | Walsh | |
| Naomi | Walters | |
| Suzanne | Warchol-Reardon | |
| Kristy | Ward | |
| Sidney | Washington | |
| Quneshia | Washington | |
| Amber | Wasiuta | |
| Stacy | Waters | |
| Amanda | Watson | |
| Victoria | Webster | |
| Derricka | Weeks (Davis) | |
| Marissa | Wheeler | |
| Briann | Whelchel | |
| Athaliah | White | |
| Erione | White | |
| Makeba | Whorton | |
| Brenden | Wicks | |
| Kora | Wiener | |
| Angelia | Wiggins | |
| Jasmine | Wilkins | |
| Brandi | Williams | |
| Jada | Williams | |
| Britney | Williams | |
| Brandon | Williams | |
| Joyce | Williamson | |
| Renita | Willis | |
| Emily | Willoughby Watson | |
| Nathan | Wilson | |
| Shayna | Wilson | |
| Brittney | Wingerter | |
| Keisha | Wisley | |
| Damielle | Womack | |
| Logaan | Woods (Clayton) | |
| Olivia | Wooten Ward | |
| Aaron | Wray | |
| Lamiesha | Wright | |
| Fadhilah | Zein | |
| Alanah | Zirkle | |
| Ashley | Zurweller | |
| Crystal | Crocker | |

38

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| First Name | Last Name | Estimated Payment |
|---|---|---|
| Ashley | Halbeisen | |
| Shelby | Bartley | |
| Carmel | Parker | |
| Laure | Capre | |

39

**EXHIBIT D: NOTICE TO BE SENT WITH SETTLEMENT CHECKS**

---

### ***OFFICIAL NOTICE***

### ***THIS IS NOT AN ADVERTISEMENT FROM A LAWYER***

---

### NOTICE OF UNPAID OVERTIME COLLECTIVE ACTION SETTLEMENT AGAINST ECP OPTOMETRY SERVICES, LLC AND EYECARE PARTNERS, LLC

TO:     [Collective Member Name]
        [Address]
        [Address]

### PLEASE READ THIS NOTICE CAREFULLY.

This Notice is intended to provide you with information in connection with the settlement of your Lawsuit against ECP Optometry Services, LLC and Eyecare Partners, LLC ("ECP"). You received this Notice and the enclosed Settlement Award checks because you previously signed a Consent to Join form and authorized it to be filed in *Kyle Topps, v. ECP Optometry Services, LLC and Eyecare Partners, LLC,* Case No. 4:25-cv-01301-AGF (E.D. Mo.) (the "Lawsuit") and/or in the related litigation, *Jodeci Vanorden and Gabriella Gantt, v. ECP Optometry Services, LLC and Eyecare Partners, LLC,* Case No. 2:24-cv-01060-DWL (Dist. of Ariz.).  In that consent form, you explicitly designated and authorized Weiler Law PLLC to represent you in the Lawsuit and to negotiate a settlement of any and all overtime compensation claim(s) asserted against ECP in the Lawsuit.  Weiler Law PLLC and ECP negotiated a settlement on behalf of you and other similarly situated employees who also filed Consent to Join forms to join the Lawsuit. The Court overseeing the Lawsuit approved the settlement and authorized this Notice as well as the payment of a settlement to you in exchange for a release of your wage and hour claims against ECP.

| 1. | Why Should You Read This Notice? |
|---|---|

This Notice explains the Lawsuit, the key settlement terms, the claims you are releasing as part of the settlement, and your share in the monetary proceeds of this settlement. The Court approved the settlement as fair and reasonable, but it is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted by the Parties.  In other words, there was no decision by the Court as to whether your claims or the claims of other persons who joined the Lawsuit would be successful.  Similarly, there was no decision by the Court as to whether Defendants would be successful in their defense against the claims raised by you and/or other persons who joined the Lawsuit.

| 2. | What Is the Lawsuit About and Why Was this Notice Sent? |
|---|---|

The Lawsuit alleges that all nonexempt employees who worked for ECP between September 23, 2021 to present were required to perform work for Defendants without being paid for all hours worked, including work performed off the clock, which allegedly resulted in unpaid overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). ECP denies these allegations and maintains that it complied with all applicable wage and hour laws. In early to mid-2025, you and other nonexempt employees who worked for

ECP between September 23, 2021 to April 15, 2025 had the opportunity to join the Lawsuit by filing an opt-in consent form. Nonexempt employees, including you, who executed and returned an opt-in consent form to Weiler Law PLLC, are referred to as Plaintiffs or the "Collective." The Court has not made any determination regarding which side is correct. The Parties agreed to resolve the dispute through settlement to avoid the uncertainty, cost, and burden of continued litigation.

The Parties investigated the facts and made a thorough study of the legal principles applicable to the claims asserted in the Lawsuit. During the Lawsuit, the Court authorized ECP to send written discovery to 50% of the Collective. Members of the Collective who were sent written discovery requests and subsequently answered and returned their responses to those discovery requests are referred to as the "Discovery Plaintiffs." Based upon the Parties' investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including the assessment of the uncertainties of litigation and the relative benefits conferred upon the Plaintiff and Collective pursuant to the approved Settlement Agreement, the Parties concluded that the settlement on the terms set forth in the Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Plaintiff and the Collective.

The Parties submitted the Settlement Agreement to the Court, which approved the Settlement Agreement on [**APPROVAL DATE**].

| 3. | What are the Terms of the Settlement and How Much Can I Expect To Receive if I Opt-In? |
|---|---|

A Gross Settlement Amount will be paid by ECP to settle this matter. The Parties requested the Court approve payment from this fund for settlement payments, administrative costs for the Settlement Administrator, attorneys' fees, costs, and expenses, a Service Payment to Plaintiff, and enhanced payment to Discovery Plaintiffs.

**Definitions:** Certain capitalized terms used in this Notice have the same meaning as set forth in the Settlement Agreement.

"Settlement Award" means your individual payment under the settlement.

"Net Settlement Amount" means the portion of the settlement fund available for distribution to Plaintiffs after deduction of the Court-approved Service Award, attorneys' fees and costs, settlement administration costs, and individual Settlement Award to Kyle Topps.

"Released Claims" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, against Releasees (as defined herein) for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or any other compensation and relief arising under the FLSA and any other state or local wage-related law applicable to the work performed for ECP during the Released Time Period (as defined herein).

"Releasees" means ECP and all of their past, present, and future officers, owners, directors, principals, agents, employees, representatives, parents, shareholders, partners, subsidiaries, holding companies, present and former affiliates, including, Clarkson Eyecare, LLC, predecessors, successors, assigns, insurers, staffing companies, joint employers, joint venture parties, insurers, officers, directors, employees, agents, members, shareholders, unitholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities), and related companies, in their individual and corporate capacities, and all persons acting by, through, under, or in concert with Defendants, whether foreign or domestic, as well as any person or entity that was

41

Docusign Envelope ID: 33E02B90-B7E9-8C69-8002-6B5C83A6A8DC

or could have been named as a defendant in the Lawsuit.

**Released Time Period:** If the settlement becomes effective, the Released Claims will cover claims arising during the period from May 8, 2021 through and including the **[APPROVAL DATE]**.

**How Your Settlement Award Was Calculated:** Settlement Awards are calculated based on the number of workweeks each Plaintiff and Discovery Plaintiff worked for ECP between May 8, 2021 through March 13, 2025. Each workweek is assigned one settlement share. Discovery Plaintiffs receive two settlement shares for each qualifying workweek. The total number of settlement shares attributed to all Plaintiffs, including Discovery Plaintiffs, is used to determine a per-share value by dividing the Net Settlement Amount by the total number of settlement shares. Each Plaintiff's Settlement Award is then determined by multiplying the number of settlement shares attributed to that Plaintiff by the per-share value. The specific amount reflected in your settlement checks was calculated by the Settlement Administrator using ECP's employment records and the allocation methodology approved by the Court.

The final settlement payment is divided with fifty percent of the final settlement payment being reported on an IRS Form W-2 for alleged unpaid overtime and unpaid wages. The other fifty percent of the final settlement payment is reported on an IRS Form 1099 for alleged liquidated damages.  The portion of each final settlement payment allocated to claims of unpaid overtime and unpaid wages is subject to authorized or required deductions, including employee-paid payroll tax withholdings required by law, garnishments, and tax liens. The Settlement Administrator has deducted applicable employee payroll taxes and withholdings from the W-2 portion of your Settlement Award. It has made no deductions from the other half, but this payment is reported on an IRS Form 1099 as set forth in the Settlement Agreement.

| 4. | What Are My Rights and What Happens If I Do Not Cash My Checks? |
|---|---|

You previously chose to join the Lawsuit by filing a Consent to Join form and became a party plaintiff represented by Collective Counsel. By joining the Lawsuit, you authorized Collective Counsel to represent you in the Lawsuit and settlement of your claims, subject to Court approval. Because you joined the Lawsuit, your Released Claims will be resolved pursuant to the terms approved by the Court. You do not need to submit any additional claim form in order to receive your Settlement Award.

You must deposit or cash your Settlement Award checks before the Check Cashing Deadline (180 days after issuance) stated on the checks. Settlement Award checks remain valid for 180 days after issuance. If you do not cash or deposit your settlement checks before the Check Cashing Deadline, the funds from the uncashed checks will be distributed to the Unclaimed Property Fund for the state where you received this Notice in accordance with the Court approved Settlement Agreement.

| 5. | Can ECP Retaliate Against Me for Participating in this Settlement? |
|---|---|

No. Your decision as to whether or not to participate in this Settlement will in no way affect your ability to perform work for ECP now or in the future.

| 6. | Who Are the Attorneys Representing Plaintiff and the Settlement Class? |
|---|---|

You and other Plaintiffs in this action are represented by Collective Counsel, who have represented you and the collective throughout the litigation and settlement proceedings:

| James Weiler | James Burr Shields |
|---|---|
| Jason Barrat | Michael D. Zoldan |

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825

| | |
|---|---|
| **WEILER LAW PLLC**<br>5050 N. 40th Street, Suite 260<br>Phoenix, Arizona 85018<br>Telephone: 480.442.3410 | **SHIELDS PETITTI & ZOLDAN, PLC**<br>5090 N. 40th Street, Suite 207<br>Phoenix, Arizona 85018<br>Telephone: (602) 718-3330 |

**If you have questions about the settlement checks:**

[**SETTLEMENT ADMINISTRATOR'S CONTACT INFORMATION**]

| |
|---|
| **7.    How Will the Attorneys for the Settlement Collective Be Paid And How is the Net Settlement Amount Calculated?** |

The Settlement Agreement provides for a Gross Settlement Amount funded by ECP. The Court-approved attorneys' fees and litigation costs awarded to Collective Counsel will be paid from the Gross Settlement Amount. The Court approved a fee of 22.78% of the Gross Settlement Amount ▅▅▅▅▅▅ in the amount of ▅▅▅▅▅ inclusive of litigation expenses. Collective Counsel also requested the Court approve a service payment of ▅▅▅▅▅ to Plaintiff Kyle Topps, in recognition of his services in this case. The Parties also retained Simpluris as the Settlement Administrator. The Settlement Administrator estimates that it will cost approximately ▅▅▅▅▅ to administer this Settlement. Such fees, litigation expenses, and service payment will be deducted from the Gross Settlement Amount. The Net Settlement Amount is the Gross Settlement Amount, less attorneys' fees, costs, administration costs, service award, and Plaintiff Kyle Topps' individual Settlement Award.

| |
|---|
| **8.    Additional Information** |

If you need more information or have any questions about the Settlement, or would like to review the Settlement Agreement, you may contact the Settlement Administrator at the telephone number or email listed below. This Notice only summarizes the action, the Settlement, and related matters.

**If you have questions about the settlement, settlement agreement, or settlement checks:**

[**SETTLEMENT ADMINISTRATOR'S CONTACT INFORMATION**]

**THIS SETTLEMENT NOTICE IS AUTHORIZED BY THE COURT. PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

Doc ID: a99d0911ada56f358b4f53b0623c309d0b0df825