**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KYLE TOPPS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01301-AGF |
| | ) | |
| | ) | |
| ECP OPTOMETRY | ) | |
| SERVICES LLC, et al., | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' joint motion for settlement approval. ECF No. 223. For the reasons set forth below, the motion shall be granted.

**BACKGROUND**

This case originated in the District of Arizona,[1] where Jodeci Vanorden and Gabriella Gantt filed a Collective Action Complaint alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., by failing to pay them and other similarly situated individuals for overtime work. The court conditionally certified the collective action, and approximately 620 current and former employees filed consent forms opting into the litigation. ECF No. 47; ECF No. 223 at 2 ¶ 5. To cure a lack of personal jurisdiction, the District of Arizona severed the claims of 496 non-Arizona plaintiffs[2] and transferred their collective action to this Court on August 28, 2025, with

---

1 *Vanorden v. ECP Optometry Servs., LLC*, No. 2:24-cv-01060 (D. Ariz.).

2 Sixty-eight of those individuals later stipulated to the dismissal of their claims.

Kyle Topps serving as the lead Plaintiff. ECF Nos. 188–89.

In the operative complaint, Plaintiffs assert that Defendants regularly required them to perform uncompensated overtime work at Defendants' optometry offices. ECF No. 14. Defendants deny these allegations and dispute whether the uncompensated off-the-clock work occurred and the number of overtime hours allegedly worked.

The parties exchanged discovery and, after multiple rounds of negotiation, reached a settlement, which was submitted to this Court for approval on May 8, 2026. ECF No. 208. On July 2, 2026, the Court held a status conference and ordered the parties to submit a revised motion for settlement approval and associated documentation (ECF No. 215), which they did on August 13, 2026, and subsequently corrected on October 1, 2026. ECF Nos. 218, 223.

## DISCUSSION

As an initial matter, the Court notes that the law is unsettled on whether all FLSA settlements require judicial approval. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026–27 (8th Cir. 2019) (noting a circuit split without "tak[ing] a side on this issue"). Nevertheless, the Eighth Circuit has assumed without deciding that district courts have a duty to "exercise some level of review" of the settlement agreement. *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). Rather than leaving the parties in an uncertain position, the Court will review the agreement's FLSA-related terms for fairness.

To approve an FLSA settlement, the Court considers whether (1) the litigation

ECF No. 204.

involves a bona fide dispute, and (2) the proposed settlement is fair and equitable to all parties. *Johnson v. Himagine Sols., Inc.*, No. 4:20-CV-00574-SPM, 2021 WL 2634669, at *4 (E.D. Mo. June 25, 2021). In evaluating the settlement's fairness, the Court may consider "(1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case." *Kelly v. Arrow Senior Living Mgmt., LLC*, No. 4:25-CV-1592-ZMB, 2026 WL 2574997, at *3 (E.D. Mo. Aug. 31, 2026) (citation omitted). "In reaching a determination, courts 'should be mindful of the strong presumption in favor of finding a settlement fair." *Id.* (citation omitted).

In this case, the Court finds that the proposed settlement is fair and reasonable to all parties. The settlement is the product of a bona fide dispute between the parties and was reached after extensive discovery and an arm's length negotiation by experienced counsel. The proposed settlement provides for a gross settlement amount, inclusive of attorneys' fees, costs, and settlement administration expenses. Net funds from the gross settlement amount are to be distributed to class members on a pro rata basis based on the number of workweeks each employee worked during the relevant period, and the extent to which each class member participated in discovery.

The Court also finds the proposed service award to the named Plaintiff, Topps, to be reasonable. "Service awards, or incentive payments, are routinely awarded in FLSA collective actions." *Netzel v. W. Shore Grp., Inc.*, No. 16-CV-2552 (RHK/LIB), 2017

WL 1906955, at *7 (D. Minn. May 8, 2017) (collecting cases). "Relevant factors in deciding whether a service award to a named plaintiff is warranted include the actions a plaintiff took to protect class's interest, the degree to which class has benefitted from those actions, and the amount of time and effort a plaintiff expended in pursuing the litigation." *Id.* (citing *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)).

Here, the proposed service award of $15,000, while high, is justified in this particular case, where only one named plaintiff risked his professional reputation by representing hundreds of other employees in a suit against his former employer, and he participated actively in litigation, discovery, and settlement negotiations over the course of more than two years. Further, as the parties note, the service award is warranted as separate, bargained-for consideration for a much broader release that the named Plaintiff has agreed to sign after negotiation, as compared to the far more limited release to which the other opt-in plaintiffs are subject.

Finally, the Court also finds that the requested attorneys' fees are reasonable. The FLSA includes a fee-shifting provision. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "The Court reviews the proposed fee award to determine whether it is fair and reasonable." *Kelly*, 2026 WL 2574997, at *5. "Where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of the attorneys' fees" and must give deference to the parties' agreement. *Melgar*, 902 F.3d at 779.

"In assessing the reasonableness of a proposed fee award, the Court may consider

factors including (1) the amount involved and the results obtained; (2) whether the fee is fixed or contingent; (3) the novelty and difficulty of the questions; (4) the experience, reputation, and ability of the attorneys; and (5) awards in similar cases." *Knighten v. Drury Hotels Co., LLC*, No. 4:24-CV-00666-SEP, 2025 WL 2771477, at *4 (E.D. Mo. Sept. 29, 2025) (citing *Keil v. Lopez*, 862 F.3d 685, 703 (8th Cir. 2017)).

Considering these factors, the Court finds that counsel's request for attorneys' fees and costs representing approximately 22.8% of the gross settlement amount is fair and reasonable. Plaintiff's counsel took this case on a contingency basis, actively litigated for more than two years, and was able to obtain a substantial settlement. Further, "a one-third contingency fee is typical for FLSA settlements in the Eighth Circuit," *Kelly*, 2026 WL 2574997, at *5 (collecting cases), and counsel seeks significantly less than one-third here.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' joint motion for settlement approval is **GRANTED**. ECF No. 223.

**IT IS FURTHER ORDERED** that the parties' prior joint motions for settlement approval are **DISMISSED as moot**. ECF Nos. 208 & 218.

The parties shall promptly file a stipulation of dismissal with prejudice in accordance with their settlement agreement.

Audrey G. Fleissig

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2026.